JS 44 (Rev 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Joseph A. Fleming

(b) County of Residence of First Listed Plaintiff: Pima County, AZ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Noah J. Van Amburg, Van Amburg Law Firm, P.L.L.C.
145 S. 6th Ave., Tucson, AZ 85701
(520) 323-4559

## DEFENDANTS

Nissan Motor Co. Ltd.
Nissan North America, Inc.

County of Residence of First Listed Defendant: (Japan)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 35 U.S.C. Sec. 271

Brief description of cause: Patent Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 04/22/2013

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**VAN AMBURG LAW FIRM, P.L.L.C.**

145 S. 6th Ave.
Tucson, Arizona 85701
Phone: (520) 323-4559
Fax: (520) 323-4595
NJV@AZBAR.ORG

NOAH J. VAN AMBURG
AZ SB NO. 022737
ATTORNEY FOR PLAINTIFF

**U.S. DISTRICT COURT**

**UNITED STATES DISTRICT COURT**

**FOR DISTRICT OF ARIZONA**

| | |
|---|---|
| JOSEPH A. FLEMING,<br><br>            Plaintiff,<br><br>vs.<br><br>NISSAN MOTOR CO. LTD., a Japanese corporation; NISSAN NORTH AMERICA, INC., a California corporation,<br><br>            Defendants. | Civil Action No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>(JURY TRIAL DEMANDED) |

COMES NOW Plaintiff, Joseph A. Fleming, by and through his attorney of record, and for his claim for damages against the Defendant alleges as follows:

## I.   PARTIES

1.   Plaintiff, Joseph A. Fleming ("Fleming") is, and was at all relevant times, a resident of the State of Arizona, residing in Pima County.

2.   Defendant Nissan North America, Inc. is, and at all times relevant hereto was, a California corporation with its principal place of business in Franklin, Tennessee.

3. Defendant Nissan Motor Co., Ltd., is, and at all times relevant hereto was, a Japanese corporation with its principle place of business in Yokohama, Japan.

4. Defendant Nissan North America, Inc. is, and at all times relevant hereto was, a wholly owned subsidiary of Defendant Nissan Motor Co., Ltd.

## II. JURISDICTION

5. Jurisdiction is properly vested in this Court by virtue of 28 U.S.C. § § 1331 and 1338(a) because this action arises under the Constitution of the United States of American and an Act of Congress relating to Patents; and more particularly, to the Patent Act, 35 U.S.C. § § 271-297.

6. Jurisdiction is also properly vested in this Court by virtue of the fact that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

## III. VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § § 1391(b) and 1400(b). Defendants transact business, have regular and established places of business, and/or transacted business at the time the causes of action arose within the District of Arizona.

## IV. FACTS

8. On March 2, 1999 the United States Patent and Trademark Office issued U.S. Patent No. 5,877,677 entitled "Control Of Air Bag Activation In Vehicles By Occupancy Weight" to Plaintiff Fleming (hereinafter, the "677 patent).

9. The 677 patent is directed to an automotive air bag system and method which restricts activation of an air bag to situations in which the weight of the seat occupant meets or exceeds a specified amount. Limiting air bag activation to such situations for at least the front passenger side of the vehicle is considered by safety experts to be necessary in order to prevent injury to children by deployment of the air bag and to prevent unnecessary deployment of the air bag when the seat is not occupied by an adult passenger. U.S. Department of Transportation regulations have required that such a system be installed in all vehicles.

10. In addition to preventing injury to children by deployment of the air bag, deployment when the front passenger seat is not occupied leads to unnecessary expense in replacing the air bag when the vehicle is repaired. The air bag system is one of the most expensive systems in a vehicle to install and maintain. Thus, it is important to prevent their deployment when they are not needed.

11. Vehicle manufactures, including Defendants, have responded to this requirement with various designs of a pressure switch mounted in the front passenger seat which is suppose to prevent activation of the passenger side air bag below a specified pressure on the seat. Industry designs have largely been unreliable at determining pressure across the entire seat. Pressure switches that do provide the level of reliability required are expensive to manufacture and to install in vehicles.

12. Plaintiff responded to the industry's need for a reliable and low cost pressure switch with the invention described in the 677 patent.

13. Defendants have appropriated Plaintiff's technology for themselves and are using the technology in its vehicles. It appears that Defendants realized the advantages provided by the Plaintiff's technology with respect to reliability and low cost and has illegally adopted the technology as their own.

14. Defendants' unauthorized use of the technology has caused injury to Plaintiff.

## V. PATENT INFRINGEMENT

15. Plaintiff incorporates by reference paragraphs 1 - 14 set forth above.

16. Defendants willfully infringed the 677 patent in violation of 35 U.S.C. § 271.

17. More specifically, Defendants literally infringed claims 1, 8, 9, 10, 13, 14, 16 and 17 of the 677 patent.

18. Defendants are, and were at all relevant times, aware of the 677 patent and knowingly, willfully and deliberately disregarded and infringed the patent.

19. Defendants have profited by its infringing activities, and Plaintiff has been damaged by the infringing acts of Defendants in an amount to be proven at trial, but which amount includes all remedies available under the U.S. Patent Act.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, having asserted a claim for relief, prays for judgment against Defendants as follows:

1. Such actual damages as Plaintiff Fleming has sustained as a consequence of Defendants' infringement of the 677 patent, together with all profits of Defendants that are attributable to said infringement and are not taken into account in computing said actual damages, pursuant to 35 U.S.C. § 284.

2. Defendants be required to pay Plaintiff the full cost of this action, including reasonable attorney fees as authorized by 35 U.S.C. § 285.

3. This Court award Plaintiff an assessment of pre-judgment and post-judgment interest on the amount of damages suffered by Plaintiff.

4. This Court award Plaintiff exemplary damages for Defendants' willful, bad faith, and malicious appropriation of the 677 patent.

5. For judgment on Plaintiff's claims, as alleged above in, an amount to be proven at the time of trial.

6. This Court award Plaintiff such other and further relief as the Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff hereby makes his demand for a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure on all jury triable issues.

**DATED** this 22nd day of April, 2013.

*VAN AMBURG LAW FIRM, P.L.L.C.*

By: /s/ Noah J. Van Amburg
Noah J. Van Amburg
Attorney for Plaintiff

4